IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSEPH B. REINWAND,

                                  ORDER

            Petitioner,

                          19-cv-767-bbc, 19-cv-810-bbc
                          Appeal Nos. 20-1839, 20-1764

     v.

SUSAN NOVAK,

            Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On May 7, 2020, I denied petitioner Joseph Reinwand's petitions for a writ of habeas corpus under 28 U.S.C. § 2254 and I denied a certificate of appealability in each case. Now petitioner has filed notices of appeal and requests leave to proceed in forma pauperis on appeal.

Petitioner's appeals are not subject to the 1996 Prison Litigation Reform Act. Walker v. O'Brien, 216 F.3d 626, 628-629 (7th Cir. 2000) ("[T]he PLRA does not apply to any requests for collateral relief under 28 U.S.C. §§ 2241, 2254, or 2255."). Nevertheless, in determining whether a petitioner is eligible for indigent status on appeal under 28 U.S.C. § 1915, the court must find both that the petitioner does not have the means to pay the $505 fee for filing his appeal and that the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) and (3). I do not intend to certify that petitioner's appeals are not taken in good faith.

In determining whether a habeas corpus petitioner is eligible for pauper status, the court applies the formula set out in 28 U.S.C. § 1915(b)(1). Specifically, from the petitioner's trust fund account statement for the six-month period immediately preceding the

1

filing of his appeal, I add the deposits made to petitioner's account and calculate 20% of the greater of the average monthly deposits or the average monthly balance in the account. If the 20% figure is more than the fee petitioner owes for filing his appeal, he may not proceed in forma pauperis. If the 20% figure is less than $505, he must prepay whatever portion of the fee the calculation yields.

Having considered petitioner's affidavit of indigency and trust fund account statement, I conclude that petitioner qualifies for indigent status and may proceed on appeal without prepaying or giving security for fees and costs. Accordingly, petitioner's request for leave to proceed in forma pauperis is granted.

## ORDER

IT IS ORDERED that petitioner Joseph Reinwand's motions for leave to proceed in forma pauperis for each appeal is GRANTED.

Entered this 4th day of June, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge